IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jesse R. Hodges, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:10-cv-01726 |
| AllianceOne Receivables Management, Inc., a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Jesse R. Hodges, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violate the FDCPA, and to recover damages for that violation, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d), of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Jesse R. Hodges ("Hodges"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom the Defendant attempted to collect a delinquent consumer debt owed for a Capital One credit card.

4. Defendant, AllianceOne Receivables Management, Inc. ("AllianceOne"), is

1

a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, AllianceOne was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Hodges.

5. From Defendant AllianceOne's offices in Illinois, and sixteen other states, it operates a nationwide debt collection business, and attempts to collect delinquent debts from consumers in virtually every state, including consumers in the State of Illinois. See, AllianceOne's web-site materials, attached as Group Exhibit A.

6. Defendant AllianceOne is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State attached as Exhibit B.

7. Moreover, Defendant AllianceOne is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation attached as Exhibit C.

## FACTUAL ALLEGATIONS

8. Defendant AllianceOne sent Mr. Hodges an initial form collection letter, dated October 6, 2009, demanding payment of the delinquent consumer debt he owed for a Capital One credit card. This letter stated, in pertinent part:

> \* \* \*
> You can call or go online to learn about flexible payment options and special offers. You should act right away. To see what your options are or to make a payment, call 866-673-4692 or visit www.capitalone.com/solutions
> \* \* \*

This letter also directs Mr. Hodges to call AllianceOne or visit the web-site "today". This letter is attached as Exhibit D.

9. Thereafter, in a drum beat/deluge of confusing collection activity, Defendant AllianceOne sent Mr. Hodges an identical initial form collection letter on each of the five subsequent business days -- October 7, 2009, October 8, 2009, October 9, 2009, October 12, 2009 and October 13, 2009. Copies of these letters are attached as Exhibits E, F, G, H, and I, respectively.

10. All of Defendant AllianceOne's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. The language Defendant AllianceOne used in its form collection letters to Mr. Hodges are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692g –
### Ineffectively Conveying/Overshadowing
### The 30-Day Validation Notice

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, the Defendant provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it. Moreover, § 1692g(b) further prohibits any collection activity and/or communication during the 30-day period which overshadows, or is inconsistent with, the disclosure of the consumer's right to dispute the debt, see, 15 U.S.C. § 1692(b).

14. Although Defendant AllianceOne's initial letter contains a validation notice, this notice was contradicted, or overshadowed, and thus rendered ineffective by other language in the letter. Specifically, Defendant's letters stated that Plaintiff needed to "act right away" and should contact AllianceOne "today". This statement – repeated six times in eight days -- would confuse the unsophisticated consumer by creating a false sense of urgency as to whether the consumer must act before expiration of the 30-day validation period, to either pay the debt or dispute the debt, or whether they have the full 30 days to dispute the validity of the alleged debt. See, Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); see also, § 1692g(b).

15. Additionally, Defendant by sending five additional initial collection letters, would confuse an unsophisticated consumer because they would not know which letter to use as the "initial" collection letter for purposes of disputing the debt, and when their validation rights would expire. Defendant's form collection letters thus violates § 1692g of the FDCPA. See, Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); see also, § 1692g(b).

16. Defendant's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violations Of § 1692d Of The FDCPA –
### Harassment And Abuse

17. Plaintiff adopts and realleges ¶¶ 1-11.

4

18. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, see 15 U.S.C. § 1692d.

19. Defendant AllianceOne's repeated sending of initial form debt collection letters to Mr. Hodges – six letters in eight days -- is conduct, the natural consequence of which was harassing, oppressive and abusive, in violation of § 1692d of the FDCPA.

20. Defendant AllianceOne's violations of § 1692d of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT III
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

21. Plaintiff adopts and realleges ¶¶ 1-11.

22. Section 1692f of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect any debt, see 15 U.S.C. § 1692f.

23. Defendant AllianceOne's repeated sending of initial form debt collection letters to Mr. Hodges – six letters in eight days -- is an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

24. Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Jesse R. Hodges, prays that this Court:

1. Find that Defendant's collection actions violated the FDCPA;

    2.      Enter judgment in favor of Plaintiff Hodges, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jesse R. Hodges, demands trial by jury.

Jesse R. Hodges,

By: /s/ David J. Philipps\
One of Plaintiff's Attorneys

Dated: March 18, 2010

David J. Philipps    (Ill. Bar No. 06196285)\
Mary E. Philipps    (Ill. Bar No. 06197113)\
Philipps & Philipps, Ltd.\
9760 S. Roberts Road\
Suite One\
Palos Hills, Illinois 60465\
(708) 974-2900\
(708) 974-2907 (FAX)\
davephilipps@aol.com\
mephilipps@aol.com